# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

JULIA C.,[1]

     Plaintiff,

vs.

FRANK BISIGNANO,
Commissioner of Social Security,

     Defendant.

No. 25-CV-4034-CJW-KEM

**ORDER**

_____

## I. INTRODUCTION

A June 12, 2026 Report and Recommendation ("R&R"), filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, is before the Court. (Doc. 15). Judge Mahoney recommends that the Court affirm the Commissioner's decision denying Julia C.'s ("claimant") application for disability insurance benefits ("DIB") under Title II, and supplemental security income ("SSI") under Title XVI, of the Social Security Act, 42 United States Code, Sections 401–434, 1381-1383f. (*Id.*, at 1) Per Judge Mahoney's order, objections were due by June 26, 2026. (*Id.*, at 8). Neither party has objected to the R&R. For the reasons stated below, the Court **accepts** Judge Mahoney's R&R, (Doc. 15), without modification.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## II.   APPLICABLE STANDARDS

### A.   *Judicial Review of the Commissioner's Decision*

The court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [Administrative Law Judge ("ALJ")], but [it does] not re-weigh the evidence . . . ." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). As noted, however, the Court does not "reweigh the evidence presented

2

to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), nor does it "review the factual record de novo." *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994). Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). This is true even in cases where the court "might have weighed the evidence differently." *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court

judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. BACKGROUND

The Court has reviewed the record and finds that Judge Mahoney accurately summarized the pertinent facts and procedural history of this case in her R&R. (Doc. 15, at 1-4). In short, claimant initially alleged disability due to multiple conditions, including joint pain, obesity, and fibromyalgia. (*Id.*, at 1-2). During the initial review, the Commissioner found obesity to be claimant's sole severe impairment, with no manipulative limitations, and denied her disability claim. (*Id.*, at 2). On reconsideration, claimant alleged additional disabling conditions, including chronic tension headaches, autism, peripheral neuropathy, and possible Ehlers-Danlos Syndrome, and the Commissioner determined that her severe impairments included peripheral neuropathy, but again denied her disability claim. (*Id.*). An ALJ then held a hearing on claimant's case, with much of the evidence focusing on her peripheral neuropathy. (*Id.*). The ALJ found claimant's severe impairments included obesity, hypermobility spectrum disorder, fibromyalgia, and peripheral neuropathy. (*Id.*, at 3). Although the ALJ found the agency consultants' conclusions generally persuasive, the ALJ included additional

4

"manipulative[ ] limitations, based on [claimant's] peripheral neuropathy." (*Id.*). The ALJ found claimant had the residual functional capacity ("RFC"), nevertheless, to perform light work, with a manipulation limitation, and then found there were jobs claimant could perform in the economy that rendered her not disabled. (*Id.*).

## IV. DISCUSSION

Before Judge Mahoney, claimant argued that the ALJ erred by (1) including a manipulative limitation in the RFC not supported by a medical record, and; (2) failing to develop the record. (*Id.*, at 4). Although claimant purported to articulate two different grounds, they both argued essentially the same thing; that the ALJ included a manipulative limitation not supported by the medical record and so the ALJ should have further developed the record before imposing that limitation.

Judge Mahoney rejected claimant's argument, distinguishing the district court case claimant relied on and relying instead on binding precedent, *Bohham v. Bisignano*, 177 F.4th 934, 941 (8th Cir. 2026), which rejected the idea that an ALJ's conclusion about an RFC limitation must be support by "functional [i.e. some] medical evidence." (*Id.*, at 5-6). The Court agrees with Judge Mahoney's legal analysis and is not left with the definite and firm conviction that a mistake has been committed. Moreover, the Court agrees with Judge Mahoney's summary of the record showing the basis for the ALJ's conclusion that claimant's symptoms from the peripheral neuropathy supported some limitation in manipulative functioning. (*Id.*, at 5). The ALJ did not err because the decision was based on some medical evidence, and the ALJ found claimant more, not less, limited than the medical opinions. (*Id.*, at 6). Thus, the Court finds that Judge Mohoney did not clearly err in recommending that the Court affirm the Commissioner's decision denying claimant's application for DIB and SSI.

5

## V. CONCLUSION

For these reasons, the Court **accepts** Judge Mahoney's R&R, (Doc. 15), without modification. *See* 28 U.S.C. § 636(b)(1). The Commissioner's determination is **affirmed** and judgment will enter in favor of the Commissioner.

**IT IS SO ORDERED** this 21st day of July, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

6